NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN GRIFFIN,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>SACHS ELECTRIC COMPANY, a<br>Missouri corporation,<br><br>    Defendant-Appellee,<br><br> and<br><br>FIRST SOLAR, INC., a Delaware<br>corporation; et al.,<br><br>    Defendants. | No. 19-17457<br><br>D. C. No. 5:17-cv-03778-BLF<br><br>MEMORANDUM[*] |

On Appeal from the United States District Court
for the Northern District of California
Beth L. Freeman, District Judge, Presiding

Argued and Submitted November 20, 2020
Pasadena, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and PRESNELL,[**]
District Judge.

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**] The Honorable Gregory A. Presnell, United States District Judge for the
Middle District of Florida, sitting by designation.

Justin Griffin appeals the district court's order granting summary judgment for Sachs Electric Company. He seeks payment for "hours worked" under California law for the time he spent (1) badging in at the security gate at the perimeter of the Project ("Security Time"); (2) driving the twelve-mile access road to the parking lot ("Drive Time"); and (3) riding the Buggy from the parking lot to the assigned jobsite ("Buggy Time"). Griffin claims that he is entitled to compensation because he was under Sachs's control during these times. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

We review de novo a district court's grant of summary judgment. *Nolan v. Heald Coll.*, 551 F.3d 1148, 1153 (9th Cir. 2009). We "must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." *Rodriguez v. Nike Retail Servs., Inc.*, 928 F.3d 810, 816 (9th Cir. 2019) (quotation marks and citation omitted). "[W]hen the relevant facts are not in dispute, what qualifies as hours worked is a question of law, reviewed de novo." *Mendiola v. CPS Sec. Sols. Inc.*, 340 P.3d 355, 359 (Cal. 2015).

**1**. Griffin was not under Sachs's control while waiting in line for guards to

---

[1] Because the parties are familiar with the facts, we do not discuss them at length here.

badge him in or out at the security gate. Griffin relies on *Frlekin v. Apple, Inc.*, 457 P.3d 526 (Cal. 2020), in arguing that employees must be compensated any time they wait for and undergo "mandatory security processes." *Frlekin* made clear that an employer's level of control over its employees is the "determinative factor" in assessing whether compensation is required, but that case involved mandatory searches of employees' bags and other belongings. 457 P.3d at 534. Here, although the line of vehicles waiting to pass through the security gate could be long, all Sachs's employees had to do was flash their badges to a guard, which is significantly less invasive than the exit searches at issue in *Frlekin*. Griffin's Security Time is thus not compensable.

**2**. Nor was Griffin under Sachs's control while he drove the access road to the parking lots. His argument to the contrary rests on the various rules he had to follow while on the property where he worked. Griffin's drive on the access road more closely resembles a continuation of his commute, however, which is "not typically compensable under California labor law." *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1054 (9th Cir. 2015). The rules governing the drive were not particularly burdensome and reflected the nature of the property—a remote, private ranch containing cattle, as well as endangered species and their habitat. *Morillion v. Royal Packing Co.*, 995 P.2d 139 (Cal. 2000), is distinguishable because Sachs did not require its employees to ride employer-mandated transportation, and

3

instead allowed them to drive themselves, carpool, or take Sachs-provided buses.

Moreover, the security gate was not the first location where employees' presence is required under the meaning of paragraph 5(a) of Wage Order 16-2001. Rather, the record establishes that Griffin was first required to arrive at the parking lot, not the security gate. Griffin had to report to the parking lot by 8:00 a.m. for the buggy to pick him up and take him to his assigned jobsites. There was no designated time by which he had to be at or pass through the gate. Griffin's Drive Time is therefore not compensable under this theory either.

**3.** There is no genuine dispute over whether employees were compensated for their Buggy Time. Although the employees' time riding in Sachs's buggies does constitute "hours worked" under California law, *see Morillion*, 995 P.2d at 147, the record does not create a genuine dispute over whether Griffin or other employees were compensated for this time. It contains only speculative statements made by employees who overhead management comments pertaining to the start of the workday. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) ("Conclusory, speculative testimony in affidavits . . . is insufficient to . . . defeat summary judgment."). It does not contain any paystubs or other evidence indicating that Griffin was not paid for the Buggy Time. In addition, Griffin's own testimony contradicts this claim.

The district court's order granting summary judgment for Sachs Electric

4

Company is **AFFIRMED.**